UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CITIBANK, N.A., | Case No. 2:18-CV-765 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| RANCHO LAS BRISAS MASTER HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Citibank, N.A.'s ("Citibank") motion for summary judgment. (ECF No. 28). Defendant SFR Investments Pool 1, LLC ("SFR") filed a response (ECF No. 38), to which Citibank replied (ECF No. 42).

Also before the court is SFR's motion for summary judgment. (ECF No. 30). Citibank filed a response (ECF No. 37), to which SFR replied (ECF No. 43).

**I.  Facts**

The instant action arises from a homeowner association's superpriority lien foreclosure sale. (ECF No. 28 at 2). Nevada Association Services, Inc. ("NAS") conducted the foreclosure sale on behalf of now-dismissed defendant Rancho Las Brisas Master Homeowners Association. *Id.* SFR purchased 4826 Willow Glen Dr., Las Vegas, NV 89147 at the December 6, 2013, foreclosure sale. *Id.* The sale was conducted on December 6, 2013, and the foreclosure deed was recorded on December 11. (ECF No. 30-8). Citibank brings this quiet title action, asserting that its first deed of trust lien still—the foreclosure sale notwithstanding—encumbers the property. (ECF No. 28 at 2).

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion**

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, a party must show that its claim to the property is superior to all others in order to succeed on a quiet title action. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

**James C. Mahan**
**U.S. District Judge**

- 3 -

Quiet title actions have either a five- or four-year statute of limitations.[1] *See* NEV. REV. STAT. §§ 11.070, 11.080, 11.220. When the quiet title action is brought by someone seeking to recover possession of a property, Nevada Revised Statutes ("NRS") § 11.080 applies a five-year statute of limitations. NEV. REV. STAT. § 11.080. If the quiet title claim is "founded upon the title to real property or to rents or to services out of the same," then NRS § 11.070 imposes a five-year statute of limitations. *Id.* § 11.070. Finally, if neither NRS § 11.080 or § 11.070 are applicable, then the "catch-all" statute of limitations found in NRS § 11.220 applies.[2] *Id.* § 11.220; *see also Ocwen Loan Servicing, LLC v. SFR Investments Pool 1, LLC*, No. 217CV01757JADVCF, 2018 WL 2292807, at *5 (D. Nev. May 18, 2018) ("With no squarely applicable limitation statute, [the court is] left with the catch-all four-year deadline in NRS 11.220.").

Here, the court finds that Citibank's quiet title claim is subject to a four-year statute of limitations. If either NRS § 11.070 or NRS § 11.080 applied to Citibank's claim, the statute of limitations would be five years. Neither apply because Citibank does not—nor can it—allege that it had or is seeking title to or possession of the property. Accordingly, the court applies the catch-all limitation period of NRS § 11.220: Citibank was obligated to bring its quiet title claim within four years.

The very latest date the statute of limitations period began running was December 11, 2013, when the foreclosure deed was recorded. (ECF No. 30-8). Four years from that date is December 11, 2017. Citibank filed the instant action on April 26, 2018, more than four months later. (ECF No. 1). Consequently, Citibank's quiet title action is time-barred.

SFR's motion for summary judgment is granted, and Citibank's motion is denied.

---

[1] SFR argues that NRS § 11.190(3)(a) should apply, which would impose a three-year statute of limitations, because "the character of [Citibank's] allegations sound in liability drawn from a statute i.e. NRS Chapter 116." (ECF No. 30 at 5). For the reasons discussed above, the court need not decide NRS § 11.190's applicability.

[2] The Ninth Circuit's dicta in *Scott v. Mortg. Elec. Registration Sys., Inc.* stated only that "[t]he statute of limitations for quiet title claims in Nevada is five years." 605 F. App'x 598, 600 (9th Cir. 2015). The Ninth Circuit relied on NRS §§ 11.070 and 11.080 in coming to the five-year conclusion. *Id.* As discussed above, the five-year statute of limitations under §§ 11.070 and 11.080 apply in circumstances inapposite to the instant case.

**James C. Mahan**
**U.S. District Judge**

- 4 -

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Citibank's motion for summary judgment (ECF No. 28) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that SFR's motion for summary judgment (ECF No. 30) be, and the same hereby is, GRANTED.

DATED September 10, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**