UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CITIBANK, N.A., | Case No. 2:18-CV-765 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| RANCHO LAS BRISAS MASTER HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Citibank, N.A. v. Rancho Las Brisas Master Homeowners Association, et al.*, case number 2:18-cv-00765-JCM-NJK. On February 25, 2020, cross-claimant SFR Investments Pool 1, LLC ("SFR") filed a notice of voluntary dismissal. (ECF No. 51). Federal Rule of Civil Procedure 41(a) provides as follows:

> (1) By the Plaintiff.
>
> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
>> (i) a notice of dismissal **before the opposing party serves either an answer** or a motion for summary judgment; or
>>
>> (ii) a stipulation of dismissal signed by all parties who have appeared.
>
> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's

**James C. Mahan**
**U.S. District Judge**

> motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

SFR purports to dismiss its crossclaims against Negasi Habtezion Gerezgiher and Saba W. Haile ("cross-defendants"). (ECF No. 51). However, cross-defendants each filed an answer, so Fed. R. Civ. P. 41(a)(1) does not apply here. (ECF Nos. 44; 45). Both cross-defendants indicate in their answer that they filed bankruptcy and no longer have any claim to the property. (ECF Nos. 44; 45).

Consequently, the court finds that dismissal of SFR's crossclaims without prejudice is appropriate pursuant to Fed. R. Civ. P. 41(a)(2).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that SFR's crossclaims be, and the same hereby is, DISMISSED without prejudice.

DATED February 26, 2020.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 2 -